EIGHT HUNDRED AND FORTY-ONE TONS OF IRON ORE.[1]

*(District Court, E. D. New York. July 9, 1885.)*

ADMIRALTY PRACTICE — SUPPLEMENTAL LIBEL — CHARTER PARTY — DEMURRAGE ARISING AFTER FILING LIBEL.

A libel having been filed claiming freight and demurrage under a charter party, the libelant thereafter filed a supplemental libel, setting up the same and additional facts, and claiming the same freight and demurrage, and additional demurrage. *Held,* that, as this additional demurrage arose from the breach of the charter party set up in the original libel, there was no reason why such demurrage should not be recovered in this action, although such demurrage occurred after the filing of the original libel; and that the practice pursued, if not strictly regular, in this case tended to save trouble and expense.

In Admiralty.

See opinion in the same case on exceptions to the supplemental libel and motion to strike out the supplemental libel. 15 Fed. Rep. 615.

*Ullo, Ruebsamen & Hubbe,* for libelant, Aniello Basile, master of the bark Giulia.

*Benedict, Taft & Benedict,* for claimant, D. W. R. Read.

BENEDICT, J. Considering that only a part of the cargo was seized at the time of issuing process upon the original libel, and that the freight on such cargo was then due the libelant, and considering, also, that subsequent to the filing of the original libel the claimant received cargo under the charter party set up in the libel, and considering also that claimant had paid into court in this cause all that is due for freight under the charter party set out in the libel, leaving due only a balance of demurrage, and that this demurrage may be awarded as part of the damage arising from the breach of the charter party set forth in the original libel, no reason is discovered why this unpaid demurrage may not be recovered in this action, notwithstanding the fact that the said detention occurred after the filing of the original libel. No injustice can result to the claimant from this course. The practice pursued, if not strictly regular, has in this case wronged no one, but, on the contrary, tended to save trouble and expense. It is concluded, therefore, that the libelant may have a decree in this action for the amount due and unpaid upon the charter party, including therein 12 days' demurrage at the rate of $61.84 per day, and deducting the amount of the freight and six days' demurrage, the whole freight and six days' demurrage having been paid into court herein, and the same drawn out by the libelant, as the evidence is understood.

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.